JUDGE KAPLAN

07 CV 6274

335-07/MEU
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
J.D.H. INTERNATIONAL LLC
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Michael E. Unger (MU0045)

RECEIVED
JUL 09 2007
U.S... S.D.N.Y
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
J.D.H. INTERNATIONAL LLC,                    07 CV ____ (   )

                    Plaintiff,
                                             **VERIFIED COMPLAINT**
        -against-

OCEAN TRANSPORT and SHIPPING LTD.
and CHURCHGATE NIGERIA LIMITED,

                    Defendants.
-------------------------------------------------------------x

Plaintiff J.D.H. INTERNATIONAL LLC ("JDH"), by and through its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendants OCEAN TRANSPORT and SHIPPING LTD. ("OCEAN TRANSPORT") and CHURCHGATE NIGERIA LIMITED ("CHURCHGATE") (hereinafter also referred to as "Defendants"), alleges upon information and belief as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and / or the Arbitration Act, 9 U.S.C. §1 *et seq.* and /or §201 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

NYDOCS1/286165.1                            1

2. At all times relevant hereto, Plaintiff JDH was and still is a business entity organized and existing under the laws of a foreign country with an office located at Dubai Creek Tower, Suite 9A, Dubai, UAE.

3. At all times relevant hereto, Defendant OCEAN TRANSPORT was and still is a business entity organized under the laws of a foreign country with an office located at 25, Creek Road, Apapa, Lagos State, Nigeria.

4. At all times relevant hereto, Defendant CHURCHGATE was and still is a business entity organized under the laws of a foreign country with an office located at Churchgate Tower, PC 30, Afribank Street, Victoria Island, P.O. Box 7793, Marina, Lagos, Nigeria.

5. On or about November 28, 2006, Plaintiff JDH, as disponent owner, entered into a maritime contract of charter party on an amended Gencon form with Defendant OCEAN TRANSPORT for the account of Defendant CHURCHGATE, which also guaranteed the performance of OCEAN TRANSPORT under the contract, for the carriage of a cargo from Kakinada, India to Cotonou, Africa aboard the the M/V JKM MUJIEDDINE at an agreed rate of hire and demurrage ("the Charter Party").

6. Plaintiff JDH duly tendered the vessel into the service of the Defendants and has fulfilled all its obligations under the Charter Party.

7. Pursuant to the terms of the charter party, Defendants were obligated to pay demurrage to JDH. Defendants incurred demurrage at the discharge port of Cotonou in the sum of $94,440, for a period of 7.87 days.

8. Plaintiff JDH has demanded payment of the amount incurred for demurrage in the sum of $94,440 from Defendants, but despite having made due demand and in breach of the charter party, Defendants have refused or otherwise failed to pay.

9. Upon information and belief, Defendants OCEAN TRANSPORT and CHURCHGATE are alter egos of one another and share officers, directors, shareholders, employees and/or commingle funds and otherwise ignore the corporate formalities attendant to their status as separate entities.

10. At all times material hereto, Defendant CHURCHGATE operated, controlled, manipulated and dominated the OCEAN TRANSPORT, and conducted business on its own behalf in the name of OCEAN TRANSPORT from the addresses identified in paragraph 4 above.

11. Upon information and belief, Defendant CHURCHGATE has paid the debts of Defendant OCEAN TRANSPORT on a number of occasions including having paid freight due under the Charter Party to Plaintiff J.D.H.

12. Upon information and belief, Defendant CHURCHGATE is the agent of Defendant OCEAN TRANSPORT and is in the business of handling, sending and receiving the property of Defendant OCEAN TRANSPORT.

13. Upon information and belief, Defendant OCEAN TRANSPORT is the agent of Defendant CHURCHGATE and is in the business of handling, sending and receiving the property of Defendant CHURCHGATE.

14. The charter party provides that it is to be governed by English law and that all disputes between the parties are to be resolved by arbitration in London. Plaintiff JDH expressly

reserves herein its right to arbitrate the merits of its claim against Defendants in accordance with the agreement of the parties.

15. This action is brought to obtain security in favor of Plaintiff JDH in respect to its claim against Defendants in aid of London arbitration proceedings, and, to the extent necessary, to compel Defendants to arbitrate pursuant to the terms of the charter and if necessary to recognize and enforce the foreign arbitral award, when rendered, as a judgment of this Court.

16. This action is further brought to obtain security for any additional sums to cover Plaintiff JDH's anticipated costs in an arbitration and interest, all of which are recoverable under English law and the rules of London Arbitration.

17. Upon information and belief, and after investigation, Defendants cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendants ("ASSETS"), including but not limited to ASSETS at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

18. As nearly as presently can be computed, the total amount sought by Plaintiff JDH to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims against Defendants includes:

(a) Demurrage for 7.87 days = $94,440;

 (b) Interest of $25,332.76 on the above amount of $94,440, calculated at the rate of 8% per annum, compounded quarterly, for three years, the estimated time it will take to obtain a final arbitration award and to enter same as a judgment, which interest is recoverable under applicable English law and arbitral rules; and

 (c) Estimated recoverable attorneys' fees, costs and the costs of the arbitration, which English solicitors estimate to be $80,000;

**For a total amount sought to be attached of $199,772.76.** Plaintiff JDH specifically reserves its right to seek an increase in the claim amount should the amount set forth herein be insufficient to fully secure Plaintiff JDH for its claims against Defendants.

WHEREFORE, Plaintiff J.D.H. INTERNATIONAL LLC prays:

 A. That process in due form of law according to the practice of this Court may issue against Defendants OCEAN TRANSPORT and CHURCHGATE, citing them to appear and answer the foregoing, failing which a default will be taken against them for the principal amount of the claim of $94,440, plus interest, costs and attorneys' fees;

 B. That if Defendants cannot be found within the District pursuant to Supplemental Rule B, that all tangible and intangible property of Defendants, up to and including the claim of **$199,772.76** be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, debts, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendants (collectively "ASSETS"), including but not limited to such "ASSETS" as may be held, received or transferred in their own names at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

C.  That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and

D.  That Plaintiff have such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
July 9, 2007

        FREEHILL HOGAN & MAHAR, LLP
        Attorneys for Plaintiff
        J.D.H. INTERNATIONAL LLC

By: _____
Michael E. Unger (MU 0045)
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York    )
                    ) ss.:
County of New York  )

MIICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a member of the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our clients and documents provided by our clients regarding the claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
9th day of July, 2007

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/ 08