335-07/MEU
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
J.D.H. INTERNATIONAL LLC
80 Pine Street
New York, NY 10005
(212) 425-1900 / (212) 425-1901 fax

Michael E. Unger (MU 0045)
Jan P. Gisholt (JG 3768)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
J.D.H. INTERNATIONAL LLC,                    07 CV 6274 (LAK)

          Plaintiff,

                                        **AMENDED VERIFIED**
                                        **COMPLAINT**

      -against-

OCEAN TRANSPORT AND SHIPPING LTD.,
CHURCHGATE NIGERIA LIMITED, AEGEAN
INVESTMENTS LIMITED, FIRST CENTURY
INTERNATIONAL LIMITED; IBTC CHARTERED
BANK PLC; and N.B.R. (LONDON) LIMITED,

          Defendants.
-----------------------------------------------------------------x

      Plaintiff J.D.H. INTERNATIONAL LLC ("JDH"), by and through its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendants OCEAN TRANSPORT AND SHIPPING LTD. ("OCEAN TRANSPORT"), CHURCHGATE NIGERIA LIMITED ("CHURCHGATE"), AEGEAN INVESTMENTS LIMITED ("AEGEAN"), FIRST CENTURY INTERNATIONAL LIMITED ("FIRST CENTURY"), IBTC CHARTERED BANK PLC ("IBTC BANK") and N.B.R. (LONDON) LIMITED ("NBR"), alleges upon information and belief as follows:

## Jurisdiction

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and / or the Arbitration Act, 9 U.S.C. §1 *et seq.* and / or §201 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

## The Parties

2. At all times relevant hereto, Plaintiff JDH was and still is a business entity organized and existing under the laws of a foreign country with an office located at Dubai Creek Tower, Suite 9A, Dubai, UAE.

3. At all times relevant hereto, Defendant OCEAN TRANSPORT was and still is a business entity organized under the laws of a foreign country with an office located at 25, Creek Road, Apapa, Lagos State, Nigeria.

4. At all times relevant hereto, Defendant CHURCHGATE was and still is a business entity organized under the laws of a foreign country with an office located at Churchgate Tower, PC 30, Afribank Street, Victoria Island, P.O. Box 7793, Lagos, Nigeria.

5. At all times relevant hereto, Defendant AEGEAN was and still is a business entity organized under the laws of a foreign country with an office located at Churchgate Tower, Plot PC 30, Afribank Street, Victoria Island, P.O. Box 7793, Lagos, Nigeria.

6. At all times relevant hereto, Defendant FIRST CENTURY was and still is a business entity organized under the laws of a foreign country with an office located at Churchgate Tower, Plot PC 30, Afribank Street, Victoria Island, Lagos, Nigeria.

7. At all times relevant hereto, Defendant IBTC Bank was and still is a business entity organized under the laws of a foreign country with an office located at Churchgate Tower, Plot PC 30, Afribank Street, Victoria Island, Lagos, Nigeria.

8. At all times relevant hereto, Defendant NBR was and still is a business entity organized under the laws of a foreign country with an office located at Park Lome 111 Park Road, St. John's Wood, London NW8 7JL, United Kingdom.

**Demurrage Owed Under the Charter Party**

9. On or about November 28, 2006, Plaintiff JDH, as disponent owner, entered into a maritime contract of charter party on an amended Gencon form with Defendant OCEAN TRANSPORT for the account of Defendant CHURCHGATE for the carriage of a cargo from Kakinada, India to Cotonou, Benin, aboard the M/V JKM MUJIEDDINE at an agreed rate of hire and demurrage and pursuant to the terms and conditions set forth in the charter.

10. CHURCHGATE guaranteed OCEAN TRANSPORT's performance of the charter of the M/V JKM MUJIEDDINE.

11. Plaintiff JDH duly tendered the vessel into the service of Defendants OCEAN TRANSPORT and CHURCHGATE and JDH fulfilled all its obligations under the charter.

12. Pursuant to the terms of the charter, Defendant OCEAN TRANSPORT was obligated to pay any incurred demurrage to JDH, and this obligation was guaranteed by CHURCHGATE. Defendant OCEAN TRANSPORT incurred 7.87 days' demurrage at the discharge port of Cotonou and accordingly the sum of $94,440 for such demurrage is owed.

13. Plaintiff JDH has demanded payment of this amount from Defendants OCEAN TRANSPORT and CHURCHGATE, but despite having made due demand and in breach of the

charter and CHURCHGATE's guarantee, these Defendants have refused or otherwise failed to pay.

## Alter Ego

14. Upon information and belief, Defendants OCEAN TRANSPORT, CHURCHGATE, AEGEAN, FIRST CENTURY, IBTC BANK and NBR are alter egos of one another and share officers, directors, shareholders, employees and/or commingle funds and otherwise ignore the corporate formalities attendant to their status as separate entities. Several of these entities share the same address: CHURCHGATE, AEGEAN, FIRST CENTURY and IBTC BANK are all located at the same address in Lagos, Nigeria, and CHURCHGATE, AEGEAN and FIRST CENTURY even share the same Post Office Box.

15. OCEAN TRANSPORT and NBR are listed on CHURCHGATE's website as members of the "Churchgate Group" of companies.

16. CHURCHGATE's website also indicates that it founded Defendant IBTC BANK and remained and still is an interested owner in IBTC BANK, even following the takeover of IBTC BANK by Standard Bank, saying "Churchgate continues to have a significant holding in the new entity".

17. At all times material hereto, Defendant CHURCHGATE operated, controlled, manipulated, dominated and controlled OCEAN TRANSPORT, AEGEAN, FIRST CENTURY, IBTC BANK and NBR. CHURCHGATE disregarded corporate form to such an extent that these other Defendants performed CHURCHGATE's duties and obligations as though CHURCHGATE's business was their own.

18. In addition, CHURCHGATE has used Defendants FIRST CENTURY and IBTC BANK to perpetrate fraud on its creditors.

19. In this action, under the originally filed Verified Complaint, JDH sought and obtained a Rule B attachment against Defendant CHURCHGATE. The writ that was subsequently issued by the Clerk was served on various garnishee banks, including but not limited to Deutsche Bank Trust Co. Deutsche Bank restrained funds being transferred in the form of an electronic funds transfer (EFT) in the name of CHURCHGATE.

20. FIRST CENTURY retained counsel in New York, the law firm Stewart Occhipinti LLP, who contacted JDH's counsel seeking release of the restrained funds on the basis that the restrained funds actually belonged to FIRST CENTURY and not to CHURCHGATE. FIRST CENTURY alleged that an IBTC BANK employee used the wrong template in sending the electronic funds, and even though the amount of funds was correct, IBTC BANK should have (but failed to) changed the name and address of the entity on whose behalf the funds were being sent.

21. FIRST CENTURY's allegation that the funds belong to it is false, and the allegation that the cause of the bank error (an improperly used template) is also false.

22. Based on FIRST CENTURY's allegations, and apparently unaware of the falsehood of such allegations, the Stewart Occhipinti firm sent via facsimile a copy of a motion FIRST CENTURY planned to file seeking vacature in an attempt to induce JDH to voluntarily release the funds.

23. Among the allegations made in the proposed motion was that FIRST CENTURY and CHURCHGATE were "unrelated" and that FIRST CENTURY had no interest in CHURCHGATE (FIRST CENTURY Brief at 4). This allegation is false and was made for the fraudulent intent of causing JDH to release properly restrained funds in which CHURCHGATE has an interest.

24.   FIRST CENTURY and CHURCHGATE have attempted the same scam in another Rule B attachment matter. In <u>Ainafets Shipping CP Ltd. v. Ocean Transport & Shipping Nigeria Ltd. and Churchgate Nigeria Ltd.</u>, 07 CIV 445 (RMB), the plaintiff sought to restrain funds of two of the same defendants as in this action – OCEAN TRANSPORT and CHURCHGATE.

25.   In <u>Ainafets</u>, the plaintiff successfully restrained funds of CHURCHGATE, but another entity appeared, claiming that the bank had, through an error, used the wrong template and accidentally sent its funds to CHURCHGATE instead of to it. Just as here, the entity asserting the error requested the release of the restrained funds on the basis that CHURCHGATE had no interest in the funds.

26.   The entity in <u>Ainafets</u> seeking vacatur is called Finsbury, and FIRST CENTURY is a member of the Finsbury Group. Both entities are controlled by the same individual, who also controls CHURCHGATE and is a director of IBTC BANK.

27.   It is no coincidence that the same exact type of supposed "bank error" should be asserted in two separate actions against CHURCHGATE: instead, there was no bank error, and in both cases, the restrained funds were funds in which CHURCHGATE had an interest and the party asserting the error (which here is FIRST CENTURY) did so at the behest of CHURCHGATE in an effort to defraud CHURCHGATE's creditors (which here is JDH).

28.   In this action, FIRST CENTURY colluded and conspired with IBTC BANK and CHURCHGATE in an effort to defraud JDH. FIRST CENTURY used the threat of expensive motion practice which would contain material misrepresentations to the Court in an effort to induce JDH to release funds in which CHURCHGATE had an interest.

29. In this action, IBTC BANK colluded and conspired with FIRST CENTURY and CHURCHGATE in an effort to defraud JDH. IBTC BANK supplied documents and a statement from an employee to support what it knew to be a fraudulent attempt by FIRST CENTURY and CHURCHGATE to free up CHURCHGATE funds from attachment. IBTC BANK knew, or should have known, that the documents and employee statement it provided were false, misleading, or were to be submitted to this Court for the purpose of misleading the Court as to the relationships between and among the defendants.

30. Defendants CHURCHGATE, AEGEAN, FIRST CENTURY, IBTC BANK and NBR are agents of Defendant OCEAN TRANSPORT and are in the business of handling, sending and receiving the property of Defendant OCEAN TRANSPORT.

31. Defendants OCEAN TRANSPORT, AEGEAN, FIRST CENTURY, IBTC BANK and NBR are the agents of Defendant CHURCHGATE and are in the business of handling, sending and receiving the property of Defendant CHURCHGATE.

32. Defendants OCEAN TRANSPORT, AEGEAN, FIRST CENTURY, IBTC BANK and NBR make payments on CHURCHGATE's behalf although they have no contractual obligation to CHURCHGATE's creditors.

33. OCEAN TRANSPORT, AEGEAN, FIRST CENTURY, IBTC BANK and NBR are paying agents, funding agents and/or receiving agents of CHURCHGATE such that OCEAN TRANSPORT, AEGEAN, FIRST CENTURY, IBTC BANK and NBR are now or will soon be, holding assets belonging to CHURCHGATE and vice versa.

34. Defendants are affiliated companies such that OCEAN TRANSPORT, AEGEAN, FIRST CENTURY, IBTC BANK and NBR are now, or will soon be, holding assets belonging to CHURCHGATE and vice versa.

35. OCEAN TRANSPORT, AEGEAN, FIRST CENTURY, IBTC BANK and NBR are aliases of Defendant CHURCHGATE.

### Arbitration

36. The charter party provides that it is to be governed by English law and that all disputes between the parties are to be resolved by arbitration in London. Plaintiff JDH expressly reserves herein its right to arbitrate the merits of its claim in accordance with the arbitration agreement in the charter.

37. This action is brought to obtain security in favor of Plaintiff JDH in aid of London arbitration proceedings, and, to the extent necessary, to compel Defendants to arbitrate pursuant to the terms of the charter and if necessary to recognize and enforce the foreign arbitral award, when rendered, as a judgment of this Court.

38. This action is further brought to obtain security for any additional sums to cover Plaintiff JDH's anticipated costs in an arbitration and interest, all of which are recoverable under English law and the rules of London Arbitration, all of which were agreed incorporated terms of the charter.

### Rule B Attachment

39. Upon information and belief, and after investigation, Defendants cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendants ("ASSETS"), including but not limited to ASSETS at, being transferred through, or being transferred and/or wired to or from banking

institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

40.     As nearly as presently can be computed, the total amount sought by Plaintiff JDH to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims against Defendants includes:

(a)     Demurrage for 7.87 days = $94,440;

(b)     Interest of $25,332.76 on the above amount of $94,440, calculated at the rate of 8% per annum, compounded quarterly, for three years, the estimated time it will take to obtain a final arbitration award and to enter same as a judgment, which interest is recoverable under applicable English law and arbitral rules; and

(c)     Estimated recoverable attorneys' fees, costs and the costs of the arbitration, which English solicitors estimate to be $80,000;

**For a total amount sought to be attached of $199,772.76.** Plaintiff JDH specifically reserves its right to seek an increase in the claim amount should the amount set forth herein be insufficient to fully secure Plaintiff JDH for its claims against Defendants.

WHEREFORE, Plaintiff J.D.H. INTERNATIONAL LLC prays:

A.     That process in due form of law according to the practice of this Court may issue against Defendants OCEAN TRANSPORT, CHURCHGATE, AEGEAN, FIRST CENTURY, IBTC BANK and NBR, citing them to appear and answer the foregoing, failing which a default will be taken against them for the principal amount of the claim of $94,440, plus interest, costs and attorneys' fees;

B.     That if Defendants cannot be found within the District pursuant to Supplemental Rule B, that all tangible and intangible property of Defendants, up to and including the claim of

$199,772.76 be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, debts, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendants (collectively "ASSETS"), including but not limited to such "ASSETS" as may be held, received or transferred in their own names at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

    C.    That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and

    D.    That Plaintiff have such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       February 12, 2008

           FREEHILL HOGAN & MAHAR, LLP
           Attorneys for Plaintiff
           J.D.H. INTERNATIONAL LLC

By: _____
      Michael E. Unger (MU 0045)
      80 Pine Street
      New York, NY 10005
      (212) 425-1900
      (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

MIICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a member of the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action. I have read the foregoing Amended Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our clients and documents provided by our clients regarding the claim as well as documents obtained from counsel for Defendant FIRST CENTURY and other independent research performed by or at the request of this office.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
12th day of February, 2008

_____
Notary Public

NYDOCS1/298892.1                             11